IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RAYMOND CRAIG, #143 555, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-CV-444-TMH |
| ) | [WO] |
| STATE OF ALABAMA, *et al*., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Kilby Correctional Facility located in Mt. Meigs, Alabama, files this 42 U.S.C. § 1983 complaint alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States are being abridged due to his continued incarceration on an expired sentence. Plaintiff names as defendants the State of Alabama, Warden Bobby Barrett, and Commissioner Kim Thomas. The court has carefully reviewed the allegations contained in Plaintiff's complaint. From that review, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

Plaintiff files this § 1983 complaint alleging that he is falsely imprisoned on an

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

expired sentence. Specifically, Plaintiff contends the Circuit Court for Dallas County, Alabama, sentenced him to 20 years' imprisonment on August 7, 1986, and his sentence, therefore, ended on August 7, 2006.  (*Doc. No. 1*.)

A civil rights lawsuit under 42 U.S.C. § 1983 is not an appropriate remedy for Plaintiff's challenge to the validity of his current incarceration. Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief sought is a determination that he is entitled to immediate release or a speedier release from that imprisonment, the inmate's federal remedy is by way of a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).  Further, § 1983 may not be used to challenge the fact of a plaintiff's state court criminal conviction and/or sentence. Rather, the proper vehicle for mounting such a challenge would be the filing of a petition under 28 U.S.C. § 2254.

In filing this action, the court understands Plaintiff to seek as relief his release from custody.  The core of his claims concern matters related to the validity and the legality of his current confinement. When the effect of granting equitable relief under the civil rights statute would be to substitute a § 1983 action for a federal writ of habeas corpus challenging the basis for ongoing detention or for a petition pursuant to § 2254 to attack a state court conviction and/or sentence, a prisoner fails to state a claim under § 1983. *See Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989); *Preiser*, 411 U.S. at 500.  A plaintiff, therefore, cannot

seek declaratory or injunctive relief relating to his confinement and/or conviction in a § 1983 action. *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997)*; Heck v. Humphrey,* 512 U.S. 477, 483-89 (1994); *Preiser*, 411 U.S. at 500; *St. Germaine v. Isenhower*, 98 F. Supp.2d 1366, 1373(S.D. Fla. 2000).

In light of the foregoing, the court concludes that Plaintiff's complaint is due to be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's challenge to the validity of his current incarceration and/or sentence be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii); and

2. The complaint be DISMISSED prior to service of process.

It is further

ORDERED that on or before **July 3, 2012,** Plaintiff may file any objections to the Recommendation Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 19th day of June, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE